**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JULIO ARCENIO DE LEON
SANCHEZ,

        Petitioner,

v.                                  Case No. 3:26-cv-716-TJC-PDB

WARDEN, Baker County Facility, et al.,

        Respondents.

## **O R D E R**

On April 1, 2026, Petitioner Julio Arcenio de Leon Sanchez, an immigration detainee, initiated this action through counsel by filing a Verified Petition for Writ of Habeas Corpus. (Doc. 1; Petition). The Federal Respondents filed a Response. (Doc. 8; Response). Petitioner filed a counseled Reply. (Doc. 10; Reply). The Warden of the Baker County Detention Center filed a Motion to Dismiss (Doc. 7; Motion to Dismiss), to which Petitioner responded in opposition (Doc. 11; Motion Response). The case is now ripe for review.

### **I. Background**

Petitioner, a citizen of Guatemala, entered the United States without inspection in 2014.[1] Petition at ¶ 2. Since then, he has "resided continuously in

---

[1] Immigration and Customs Enforcement (ICE) has no record of his entry. Response at 2.

the United States" with his wife. Petition at ¶¶ 21, 22. Petitioner's neighbor, friends and a co-worker filed letters in support of his Petition, establishing his community ties and good character. Petition, Ex. B. He alleges he has no history of criminal conduct (Petition at ¶ 31) and the government provides no evidence to the contrary.

In February 2026, Petitioner was encountered by Florida Highway Patrol during a traffic stop of a commercial vehicle in which Petitioner was traveling as a back seat passenger. Response, Ex. A. Petitioner was then detained by ICE. Id. On March 2, 2026, ICE issued Petitioner a Notice to Appear via internet in immigration court on April 17, 2026 and placed him in removal proceedings.[2] Response, Ex. B.

Petitioner was denied bond and his request for a bond redetermination by the Immigration Court was denied on March 24, 2026 for lack of jurisdiction. Response, Ex. C. Petitioner has not appealed the decision to the Board of Immigration Appeals (BIA) and argues that doing so would be futile. Petition at ¶ 70.

---

[2] According to the website for the Department of Justice's Executive Office for Immigration Review, that hearing is now scheduled for May 8, 2026. See https://acis.eoir.justice.gov/en/caseInformation (last visited April 20, 2026).

## II. Analysis

De Leon Sanchez's Petition contains three counts, alleging: (1) Respondents have violated the Immigration and Nationality Act by detaining him under 8 U.S.C. § 1225(b); (2) Petitioner's prolonged detention without a meaningful bond hearing violates the due process clause of the Fifth Amendment; and (3) Petitioner's seizure by law enforcement and subsequent transfer to immigration authorities violated the Fourth Amendment. Petition at 10–15. As relief, Petitioner requests, inter alia, immediate release or an order directing Respondents provide him with an appropriate bond hearing. Id. at 16.

### a. Federal Respondents' Arguments

As the Federal Respondents acknowledge, the Court has recently addressed nearly identical issues in Orozco Torres v. U.S. Dep't of Homeland Sec., No. 3:26-cv-646-TJC-LLL, 2026 WL 947955 (M.D. Fla. April 8, 2026). Because the facts in that case resemble those here—especially that both Petitioners had bond previously denied by an immigration judge without an individualized bond hearing, and efforts to administratively appeal those decisions to the BIA would be futile—the Court incorporates the reasoning in Orozco Torres into this Order.

Accordingly, the Court rejects the Federal Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that he failed to exhaust his

administrative remedies prior to filing this case. Regarding the merits of his claim, the Court finds, in line with <u>Orozco Torres</u>, that Petitioner is not properly detained under § 1225(b)(2). Thus, the Petition is due to be granted. <u>See</u> 2026 WL 947955 at *6.

### b. Warden's Motion to Dismiss

In his Motion to Dismiss, the Warden of Baker County Detention Center requests the Court "dismiss him from this proceeding with prejudice" as an improper respondent. Motion to Dismiss at 7. He argues that ICE is Petitioner's "'immediate custodian'" and "the director of ICE's local field office responsible for the Facility – not its 'warden' – is the proper respondent." <u>Id.</u> at 12. In his response, Petitioner argues that the "Warden is the official who exercises immediate physical custody over Petitioner and is therefore a proper respondent under 28 U.S.C. § 2241." Motion Response at 3.

As the Warden candidly admits, the Supreme Court has "left open the question" of the identity of the "proper respondent to a habeas petition filed by an alien detained pending deportation." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 n.8 (2004). The Court recognizes the Warden's argument that "only ICE can determine whether and when to release a detainee," Motion at 12, and that he is "ill-equipped" to respond on behalf of federal officials.[3] <u>Id.</u> at 11. But the

---

[3] This latter point is unpersuasive here because Petitioner named several

4

warden is the "immediate custodian."   As one of my colleagues explained in an order denying a warden's motion to dismiss in this same context, the Warden is "presumably the individual who, upon ICE's direction, opens the door to release the detainee." <u>Lara-Reyes v. Warden</u>, 3:25-cv-1618-MMH-PDB, Doc. 15 at 13 (M.D. Fla. March 16, 2026). Following the reasoning of many other courts, the undersigned likewise "declines to find that the warden is not a proper respondent" in these circumstances. <u>Id.</u> (collecting cases on this issue). The Warden's Motion to Dismiss is due to be denied.

### III. Remedy

The Court next considers the appropriate relief. An immigration judge has already refused to conduct a meaningful bond hearing, stating he did not have jurisdiction. Response, Ex. C. Given the Federal Respondents' position that immigration judges have no jurisdiction to conduct an individualized bond hearing, and their failure to argue in the alternative that Petitioner is subject to detention under 8 U.S.C. § 1226(a) (which would require a meaningful bond hearing), the Court finds ordering a further bond hearing would not afford relief and would be futile. <u>See</u> <u>Orozco Torres</u>, 2026 WL 947955 at *6. Without any lawful basis for his detention at this time, and unable to access a meaningful bond hearing, the Court can only find that de Leon Sanchez is entitled to

federal respondents who have appeared to defend their position.

5

immediate release.[4]

Since the Court will grant the Petition because Petitioner is not properly detained under § 1225(b)(2), it does not, and need not, address his other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[5]

Accordingly, it is hereby

**ORDERED**:

1.      Julio Arcenio de Leon Sanchez's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One; the Petition is otherwise **denied without prejudice** as moot. Respondents shall release de Leon Sanchez **within 48 hours of the entry of this Order**. Respondents shall facilitate Petitioner's transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[4] The Federal Respondents have not contended that Petitioner's release creates a danger to the community.

[5] For example, the Court declines to address Petitioner's argument that he is a member of the Maldonado Bautista "Bond Eligible Class" and is entitled to relief under that decision, or his due process and Fourth Amendment arguments.

6

2.      No later than **April 24, 2026**, Respondents shall **FILE** a notice with the Court confirming that Julio Arcenio de Leon Sanchez has been released from custody.

3.      The Warden's Motion to Dismiss (Doc. 7) is **DENIED**.

4.      The Clerk shall **enter judgment** granting the Petition as to Count One and **close** the file.

5.      Insofar as Petitioner's counsel requests attorney's fees, she may make such a request in a separate motion, if appropriate, following the procedures outlined in Local Rule 7.01.

6.      The Court **retains jurisdiction** to effectuate this Order and to rule on any attorney's fee motion.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record

7